THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS FLOWERS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Case No. 09 cv 1313 |
| | ) | Judge Feinerman |
| CITY OF CHICAGO, Chicago Police | ) | Magistrate Judge Nolan |
| Officers JASON JOHNSON, Star 3236, and | ) | |
| MARCHAND WRIGHT, Star 3164, | ) | |
| | ) | |
| *Defendants.* | ) | |

### RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE*

Defendants, City of Chicago, Jason Johnson and Marchand Wright, by and through their attorneys, Johnson & Bell, Ltd., for their responses to Plaintiff's Motions *in Limine*, state the following:

### Motion # 1 – Use of Plaintiff's Complaints

Plaintiff's first motion seeks to bar the use of the operative complaint, Plaintiff's Second Amended, and the previous versions of that complaint as exhibits at trial. The position taken by Plaintiff in his motion, that the complaints cannot be used because they were prepared by counsel and unsworn, is completely contrary to multiple Seventh Circuit opinions on the subject.

Factual assertions in pleadings, which are not amended, are considered judicial admissions conclusively binding on the party who made them. *Christian Legal Society Chapter of the University of California v. Martinez*, 130 S.Ct. 2971, 3005 (2010)(Alito, J, dissenting); *Soo Line RR v. St. Louis SW RR,* 125 F.3d 481, 483 (7th Cir. 1997); *Keller v. USA*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). A party is bound by what it states in its pleadings. *Soo Line RR v. St. Louis SW RR,* 125 F.3d at 483. Judicial admissions are not evidence, "but rather have the effect of withdrawing a fact from contention." *Keller v. USA*, 58 F.3d at 1198 n.8.

In *Powell v. Doe,* 2004 U.S. Dist. LEXIS 1176 (N.D. Ill. 2004), a copy of which is attached hereto as Exhibit A, plaintiff in a §1983 case moved, *in limine,* to exclude from evidence her second amended complaint because it was irrelevant and was hearsay. The district court denied the motion, and stated that the complaint was admissible because, "a plaintiff's factual assertion in a complaint constitutes a judicial admission that is admissible in a civil trial as an evidentiary admission. *Id.* at *5-*6, *citing Keller v. USA*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995); *Contractor Utility Sales Co. v. Certain-teed Prods. Corp.*, 638 F.2d 1061, 1084 (7th Cir. 1981). Thus, the operative complaint in this case cannot only be used by the defense during the trial, but the facts alleged therein constitute binding admissions on the plaintiff.

Prior pleadings, since amended, are somewhat different, but they are still clearly admissible. As quoted by the Seventh Circuit Court of Appeals:

> When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent

*Contractor Utility Sales Co.,* 638 F.2d at 1084, *quoting Raulie v. USA,* 400 F.2d 487, 526 (10th Cir. 1968). Admissions made in a prior, amended pleading, are admissible for the purpose of impeachment. *Contractor Utility Sales Co.,* 638 F.2d at 1085; *Davis v. Freels*, 583 F.2d 337, 342 (7th Cir. 1978). The fact that a previous complaint is not verified has no bearing on its admissibility, rather it goes to the weight of the admissions therein. *Contractor Utility Sales Co.,* 638 F.2d at 1085. Failure to allow introduction and use of portions of a previous complaint can be reversible error. *Id.*

Based on the authority cited above, it is clear that in the present case all three versions of the plaintiff's complaint are admissible. The factual assertions in the operative complaint, plaintiff's second amended, are judicial admissions that bind the plaintiff. The assertions in the previous

complaints can clearly be used for impeachment. As a result, despite his arguments to the contrary, plaintiff's first motion *in limine* should be denied.

### Motion # 2 – Plaintiff's Previous Arrests

Defendants do not intend to introduce evidence relating to the plaintiff's previous arrests that did not end in conviction. However, defendants respectfully request that the Court reserve ruling on this motion to allow for the possibility that the plaintiff could open the door to this evidence during his testimony.

### Motion # 3 – Plaintiff's Convictions

Plaintiff next moves to bar evidence of his previous convictions[1]. It should initially be noted that the defendants have listed four certified convictions as exhibits on the proposed pre-trial order, and not three as plaintiff states in his motion. (Dkt. 49, p. 8). However, defendants do not intend to offer two of those convictions, plaintiff's conviction for Theft and plaintiff's conviction for Unlawful Use of a Weapon, for any purpose at trial and hereby withdraw them as proposed exhibits. Defendants do not seek to introduce evidence of the remaining convictions to prove the plaintiff's character in order to show conformity therewith, but rather seek to introduce the convictions solely for impeachment purposes, as allowed by Federal Rule of Evidence 609.

First, it is without question that the conviction for the underlying case, criminal case # 08 CR 147101, is admissible under the Federal Rules of Evidence. FRE 609 clearly indicates that evidence that a party has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment in excess of one year, subject to Federal Rule of Evidence 403. *Wilson v. Groaning*, 25 F.3d 581, 586 (7th Cir. 1993); *Wilson v. City of Chicago*, 6 F.3d 1233, 1237 (7th Cir. 1993). Plaintiff's underlying conviction was for possession of a controlled

---

[1] Defendants have not attached copies of the convictions for the plaintiff and the plaintiff's witness due to privacy concerns. Defendants will provide copies to the Court if the Court believes it is necessary.

3

substance, which is a Class 1 felony, and therefore falls within the rules' requirements for sentencing. Additionally, in order for such conviction evidence to be admissible, it must be within a period of not more than ten years from the date of release of confinement or the date of the conviction, whichever is later. In the present case, the plaintiff was convicted of Possession of a Controlled Substance on July 10, 2008, and was sentenced to 2 years in the Illinois Department of Corrections on the same day. This conviction meets all of the requirements of Rule 609, and should therefore be admitted.

Also weighing in favor of the admission of the underlying conviction is the fact that it makes up the story of this case. The plaintiff was arrested for possession of cocaine, a crime to which he later pled guilty[2]. Contrary to plaintiff's assertion, the presence of cocaine and the underlying guilty plea are extremely relevant to the defense of this case. Plaintiff claims that he was present in the police station, the officers recovered drugs off of him, and then proceeded to beat him. The defendants contend, and have always contended, that the plaintiff possessed cocaine and cannabis, and when it was found by the officers at the station the plaintiff attempted to prevent the officers from recovering it. Because he attempted to prevent the officers from recovering the cocaine, a minimum amount of force was used by a defendant to allow for recovery of the cocaine. Without telling the entire story of the case, including that the plaintiff was possessing cocaine, the defendants cannot possibly defend themselves against the plaintiff's claims of excessive force. The entire story includes the fact that the plaintiff denies that he possessed cocaine on the date of the incident in question, but admits that he pled guilty to, and was convicted of, possession of cocaine as a result of his arrest on the date of the incident in

---

[2] Plaintiff denies that he ever possessed cocaine on May 21, 2008, which makes his decision to plead guilty to possession of cocaine on that day that much more relevant to his credibility.

4

question. This disparity is a prime example why this conviction should be allowed to impeach the plaintiff, as permitted by the rules.

Second, the plaintiff's 2000 conviction for Residential Burglary, criminal case # 00 CR 22051201, is also undoubtedly admissible under Rule 609. Residential Burglary is a Class 1 felony in Illinois, and therefore falls within the rules' requirements for sentencing. Plaintiff was convicted of burglary on October 10, 2001 and was sentenced to 6 years in the Illinois Department of Corrections on the same date. This conviction meets all of the requirements of Rule 609 and should therefore be admitted.

Perhaps most important when considering this conviction, Federal Rule of Evidence 609(a)(2) allows for the admission of any conviction, regardless of punishment, if the conviction is for a crime involving "dishonesty," and the plaintiff's conviction for Residential Burglary fits that bill. The Seventh Circuit Court of Appeals recently stated:

> …people generally regard acts such as stealing (and receiving and using stolen property) as acts that reflect adversely on a man's honesty and integrity. In addition, such acts do disclose a disregard for the rights of others which might reasonably be expected to express itself in giving false testimony whenever it would be to the advantage of the witness. If the witness had no compunctions against stealing another's property…it is hard to see why he would hesitate to obtain an advantage for himself or [a] friend in a trial by giving false testimony.

*Varhol v. Amtrak*, 909 F.2d 1557, 1567 (7th Cir. 2010). The Seventh Circuit has clearly indicated that acts such as the one committed by the plaintiff in the present case, for which he was convicted, are acts of dishonesty.

Credibility is a key issue in this case, as it is expected that the plaintiff will tell a vastly different story from the defendants, and there will be virtually no physical evidence and limited eyewitness testimony to support the parties' claims. This is the very definition of a "he said – he

5

said" case. As a result, the trier of fact should have "as much relevant evidence on the issue of credibility as possible." Fed. R. Evid. 609 advisory committee's note at 357; *Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir. 1992). The Seventh Circuit has stated the following about the Rule:

> Rule 609 and the common law tradition out of which it evolved rest on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying. If so, this is something a jury should be permitted to take into account in evaluating a witness's believability.

*Campbell v. Greer,* 831 F.2d 700, 707 (7th Cir. 1987). This reasoning is clearly applicable here, and the jury in this matter should be permitted to take into account the fact, when evaluating the witness' believability, that the plaintiff has been convicted of a crime involving dishonesty within the last ten years. This is the main reason that the Federal Rule of Evidence 609 exists. It is clear that the plaintiff's conviction for a crime of dishonesty, burglary, is admissible under FRE 609 for a host of reasons.

Because credibility of the parties is central to the issues in this case, the probative value of these convictions is not outweighed by the possible prejudice, and the balancing test employed by Rule 403 weighs in favor of admitting the conviction. *Young v. James Green Management*, 327 F.3d 616, 625 (7th Cir. 2003). It should be noted that rule 403 does not mandate, or even allow, the exclusion of evidence because it is simply prejudicial. It is only *unfair* prejudice, *substantially* outweighing the probative value of the evidence that will allow for exclusion under this rule. *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986) (emphasis in original). In *Coles v. City of Chicago,* a case in which the same issue arose regarding a conviction within the ten

6

year period prescribed by the rule, the Court held that the conviction was admissible. 2005 U.S. Dist. LEXIS 14950 (N.D. Ill. Jul. 22, 2005). The Court explained its reasoning thusly:

> Limited probative value is not the same as no probative value. Rule 403 does not permit the exclusion of probative evidence unless the probative value of that evidence is substantially outweighed by its unfair prejudice. Evidence of a conviction for possession of drugs does not carry the same potential for inflaming the jury as does evidence of an armed robbery conviction… We recognize that evidence of a drug conviction (or any other conviction, for that matter) may diminish a witness's credibility and image in the eyes of a jury. But, if that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1). We conclude that there is no risk of unfair prejudice that substantially outweighs the probative value of plaintiff's drug conviction.

*Id.* at *11.

In assessing a prior conviction's probative value, and whether it is outweighed by prejudice, the Seventh Circuit indicated that the following factors should be considered: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the party's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the party's testimony, (5) and the centrality of the credibility issues.

Taking each factor in turn, it is clear that the probative value of these convictions outweighs the danger of unfair prejudice. First, as discussed above, the impeachment value of the felonies in question here is great because of the suggestion, created by the convictions and supported by Seventh Circuit case law, that the plaintiff's honesty is lacking.

Second, the plaintiff's convictions are both within the rules' timeframe, and plaintiff was actually on parole for the underlying case when he filed this lawsuit. This indicates that the convictions are not stale, and in no way implicates the timeframe prescribed by the rule.

7

Third, setting aside the underlying conviction, there are few similarities between the crimes in the present case and the Burglary conviction. Because the Burglary conviction is markedly different from the crime in the present case, there is no concern that the jury would assume that the plaintiff had a penchant for engaging in the crime charged here. Instead, the jury will consider the plaintiff's honesty and truthfulness, which is allowed by Rule 609.

Combining the fourth and fifth factors, it is explained above why the plaintiff's testimony and credibility are important, he will likely be one of the only witnesses testifying on his own behalf. His credibility is crucial to the cases of both parties, and, because he has demonstrated his lack of truthfulness by his convictions, convictions that meet all of the other standards of admissibility, the defendants should be allowed to impeach him with those convictions.

Every factor regarding the admissibility of the plaintiff's convictions have been met, and plaintiff cannot show that the convictions are inadmissible for any reason. Based on the above authority, Plaintiff's motion should be denied.

**Motion # 4 – Witness Conviction**

Next, plaintiff seeks to bar the use of a felony conviction to impeach Dwayne Triplett, a witness who will testify on plaintiff's behalf. Defendants respectfully request that the Court apply the above arguments to their response to this motion by the plaintiff. Additionally, defendants wish to point out that Rule 26 does not require documents to be used solely for impeachment to be produced prior to trial. FRCP 26(a)(1)(A)(ii). Dwayne Triplett was convicted of Delivery of a Controlled Substance, a Class 1 Felony in Illinois, on May 15, 2001, and this is within the timeframe prescribed by Rule 609. Defendants are entitled, under FRE 609, to use this conviction to attack the truthfulness of the witness. Based on the arguments here, and the arguments raised in response to plaintiff's motion # 3, the motion should be denied.

**Motion # 5 – Gang Affiliation and Tattoos**

This particular Motion *in Limine* is extremely vague, and the plaintiff has not pointed to any specific evidence that he wishes to have barred as evidence of gang affiliation/activity. During his deposition, the plaintiff admitted that he used to be a member of the Four Corner Hustlers street gang, but denied he was a member of this gang on the date of the incident. There is no mention in the record that the plaintiff has a gang tattoo, so it is unclear exactly what the plaintiff is asking the Court to keep out. In any event, the defendants do not presently intend to elicit any testimony about, or make any reference to, the fact that Curtis Flowers was a member of a street gang, or that he has any "gang tattoos."

**Motion # 6 – Plaintiff's Drug Use**

Defendants do not intend to introduce evidence about plaintiff's drug use, and are unaware of any evidence in the record relating to the fact that plaintiff has used drugs in the past. However, to the extent that the plaintiff's motion also seeks to bar reference to cocaine in general, as indicated in the last paragraph of the motion, the defendants object.

First, in response to plaintiff's arguments regarding prejudice, FRE 403 does not mandate, or even allow, the exclusion of evidence because it is prejudicial. It is only *unfair* prejudice, *substantially* outweighing the probative value of the evidence that will allow for exclusion under this rule. *Wilson v. Groaning,* 25 F.3d 581, 585 (7th Cir. 1993); *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986).

The plaintiff in this case admits that, on the date of the incident, he was riding a bicycle westbound on 69th Street in Chicago when he was approached by two Chicago Police Officers in a police car. Plaintiff admits that, at the time that the officers approached, he was in possession of cannabis, but denies that he ever possessed cocaine. Because he was possessing cannabis when the

9

police approached, plaintiff admits that he refused to stop for the police when they told him to do so, and fled from the police when they continued to try to stop him. Plaintiff admits that he led the police on an extended chase because he did not want to get caught with cannabis. Plaintiff admits that, when he was ultimately arrested in this case, the officers recovered cannabis from his person and charged him with possession of cannabis. However, as stated above, plaintiff claims that he never possessed cocaine, and maintains that he should not have been charged with possession of cocaine. Given plaintiff's position regarding cocaine, it is notable that he ultimately pled guilty to possession of cocaine, and was sentenced to two years in the Illinois Department of Corrections. Obviously, the fact that plaintiff insists that he did not have cocaine in his possession on the date of the incident directly contradicts the fact that he pled guilty to possessing cocaine on the date of the incident. This disparity is relevant to the plaintiff's credibility as a witness, and the jury is certainly entitled to have this information to make a determination about whether or not the plaintiff is a credible. The Seventh Circuit Pattern Jury Instructions contain an instruction, 1.14, designed to inform the jury about how to view prior inconsistent statements or acts, and that jury instruction has been agreed to by the parties in this case. The plaintiff's position regarding cocaine and his guilty plea are prime examples of prior inconsistent acts, and to withhold those facts from the jury would be extremely prejudicial to the defendants.

Furthermore, leaving out the evidence relating to cocaine deprives the defendants of the opportunity to a full and fair trial of the case on its merits. In *Wilson v. Groaning*, an excessive force case, plaintiff appealed the district court's decision to exclude evidence about the plaintiff's actions immediately prior to the alleged use of excessive force by the defendants. 25 F.3d 581 (7th Cir. 1993). The Court of Appeals affirmed the denial of the plaintiff's motion to exclude, reasoning that, "evidence is relevant if its exclusion would leave a chronological and conceptual void in the

10

story." *Id*. at 584. The Court further explained that, "leaving out this evidence would have left the jury with an unduly sanitized and incomplete version of the facts." *Id.*

The exclusion of the evidence relating to plaintiff's possession of cocaine will leave a void in the story of this case. The fact that the plaintiff had cocaine, which was later found by the defendants, tends to establish that the plaintiff did in fact run away from the defendants when they tried to interview him, and also tends to establish that the plaintiff struggled with the defendants in the police station when they found the cocaine. Both of these elements are crucial to the defense of this case, and if the jury does not hear about the plaintiff's cocaine, it will be deciding the case with an incomplete version of the facts. For the reasons stated here, and for the reasons stated in the defendants' response to plaintiff's Motion *in limine* # 3, this motion should be denied.

### Motion # 7 – Officers as Adverse Witnesses

Defendants have no objection to this motion.

### Motion # 8 – Plaintiff's Use of an Alias

The plaintiff admitted, at his deposition, that he has used as many as seven different names during different encounters with the Chicago Police Department. The plaintiff's use of these aliases is extremely relevant to his credibility as a witness, and given the plaintiff's admissions regarding these fake names, the defendants are entitled to question the plaintiff about the fact that he used aliases when dealing with the Chicago Police Department in the past. It should also be noted that the plaintiff's claims, in his motion, that these aliases were used when he was a teenager are totally inaccurate. Plaintiff used a false name, Curtis Defell, in December of 1996, when he was 27 years old. Plaintiff also admitted using multiple names, including Curtis Flower, James Sanders, James Dafelle, Mitchell Flowers, Curtis Sanders, and James Reed, when he was 22-23 years old.

Plaintiff was an adult when he decided to give false information to police officers, and this bears directly on his credibility.

In response to plaintiff's arguments regarding prejudice, FRE 403 does not mandate, or even allow, the exclusion of evidence because it is prejudicial. It is only *unfair* prejudice, *substantially* outweighing the probative value of the evidence that will allow for exclusion under this rule. *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986) (emphasis in original). The plaintiff cannot establish that the admission of his admitted use of alias names is so prejudicial as to allow exclusion under Rule 403. Based on that failure, and the above authority, Plaintiff's Motion in *Limine* on this issue should be denied.

Respectfully submitted,

/s/ *Brian P. Gainer*
One of the Attorneys for the Defendants

Richard B. Levy
Brian P. Gainer
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois  60603
(312) 372-0770  (Phone)
(312) 372-9818  (Facsimile)