UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 1313 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | Magistrate Judge Nolan |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*** 

Plaintiff Curtis Flowers, through counsel, Jackowiak Law Offices, respectfully submits the following responses to Defendants' motions *in limine*.

**1.    Plaintiffs' Response to Defendants' Motion to Bar Evidence of Prior Misconduct, Bar Reference to the CR File Underlying this Case, and to Bar Testimony of Robert Giglio**

In this motion, Defendants contend that Plaintiff should be barred from introducing evidence regarding the past misconduct by Defendant-Officer Johnson (described in CR 1016296), arguing that it is improper "propensity" evidence that should be excluded pursuant to FRE 404(b). This motion should be denied.

Under Rule 404(b), evidence of other misconduct by a defendant is not admissible to show a propensity to commit the act complained of, but is admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, *modus operandi* or identity. See, e.g., United States v. Best, 250 F.3d 1084, 1090 (7th Cir.2001). Those are the precise reasons this evidence would be offered in the present case.

CR 1016296 concerns an incident in which Defendant Johnson permitted an arrestee to escape from the 7th District lockup. The CR was "sustained" and Johnson was disciplined for inattention to duty. Contrary to Defendants' arguments, Plaintiff would not offer this evidence to show a propensity to commit the acts complained of in this case, but rather to show Defendant-Officer Johnson's intent and motive.

1

At trial, Plaintiff will allege that Defendant-Officer Johnson deliberately hit him with his police car while Plaintiff was riding a bicycle. Johnson thought (mistakenly) that Plaintiff was involved in a shooting that had just taken place. Plaintiff did not want to talk to the officers and was trying to get away on his bike.

The past incident involving the arrestee who escaped is relevant to support Plaintiff's theory of the case. Johnson had been disciplined for allowing an arrestee to escape. In this instance, Johnson was not going to permit Plaintiff (a shooting suspect) to get away. The past incident goes directly to establishing Defendant-Officer Johnson's motive and intent.

There is voluminous authority to allow the admission of 404(b) evidence in an excessive force case. For example, in United States v. Brown, 250 F.3d 580 (7th Cir. 2001), the Seventh Circuit affirmed the admission of 404(b) evidence that a police officer had beaten a dancer in a strip club in a case in which the police officer was alleged to have abused a truck driver in a parking lot. In Wilson v City of Chicago, 6 F.3d 1233 (7th Cir. 1993), the Seventh Circuit held it was reversible error not to admit prior incidents wherein the police used electroshock to torture an arrestee during an interrogation. The incident in which Johnson was disciplined should be admitted in the present case.

With regard to the CR underlying the present case, Plaintiff does not intend to make arguments regarding the Independent Police Review Authority's investigation of the incidents alleged in the complaint. However, evidence from the Independent Police Review Authority's file regarding the incident at issue in this case could be properly presented at trial for numerous reasons. For instance, the underlying CR contains many relevant police reports. These documents could be used at trial for impeachment, to refresh recollection, as party admissions, or another proper purpose. This motion should be denied to the extent it would bar use of documents obtained from the CR file.

2. **Plaintiffs' Response to Defendants' Motion to Bar Non-Party Witnesses from the Courtroom During Trial**

   This motion is unopposed.

3. **Plaintiffs' Response to Defendants' Motion to Bar Testimony, Argument or Comment Regarding Other Publicized Instances of Police Misconduct**

   This motion is unopposed.

4.   **Plaintiffs' Response to Defendants' Motion to Bar Non-Party Any Argument or Implication of a "Conspiracy" or "Coverup"**

Defendants seek to bar evidence or argument about a conspiracy or coverup among the Defendants. The motion should be denied.

Defendants are correct that Plaintiff has not pled a conspiracy cause of action. However, Plaintiff does intend to cross-examine and argue on the issue of bias. At trial, Plaintiff will argue that the Defendant police officers hit Plaintiff with a car and violently beat him in violation of his constitutional rights. The Defendant-Officers will all testify that they did no such thing. Defense counsel will contend that the Defendant-Officers testimony is consistent and truthful.

To counter, Plaintiff will of course argue, *inter alia*, that the police officers are covering for each other. Plaintiff will assert that the officers are biased towards protecting themselves and each other, and that one would expect police officers to remain silent if they witnessed the violation of Plaintiff's constitutional rights by fellow officers.

Courts have routinely denied a motion *in limine* seeking to bar evidence about a code of silence or coverup among police officers. For example in <u>Saunders v. City of Chicago</u>, 320 F.Supp.2d 735, 740 (N.D.Ill 2004) the court denied the City's motion *in limine* holding that: "The plaintiff may explore the possibility that the defense witnesses in this case are biased because of loyalty to one another." Similarly, in <u>Galvan v. Norberg</u>, 2006 WL 1343680 at *3 (N.D.Ill. May 10, 2006), this Court also denied a motion *in limine* seeking to bar code of silence evidence since "evidence or argument of this type can go to the issue of the bias or motivation of witnesses." Again, in <u>Paradiso v. Obaldo</u>, 2009 WL 3272217 at *1 (N.D.Ill, October 8, 2009) (Manning, J.) this Court denied this motion, writing "[plaintiff is] entitled to develop the theme that a code of silence existed among these particular officers." Also, in <u>Coprez Coffie v. City of Chicago</u>, 05 C 6745, Chief Judge Holderman denied the City's motion *in limine* seeking to bar evidence of a code-of-silence, conspiracy or coverup. (<u>See</u> Dkt. No. 332.)

Likewise, this motion should be denied in the present case.

5.  **Plaintiffs' Response to Defendants' Motion to Bar Implication or Testimony that Police or City Personnel are Paid to Testify**

Seeking information that the Chicago police officers get paid to testify is no different than asking a witness if he or she received on appearance fee, or asking a treating doctor or expert about how much compensation he or she is receiving for his time. This motion should be denied.

6.  **Plaintiff's Response to Defendants' Motion to Bar Any Mention that the City of Chicago Will Indemnify Defendants**

In their sixth motion *in limine*, Defendants seek to bar evidence or argument about indemnification. The motion should be denied without prejudice.

Plaintiff agrees that evidence or argument about indemnification is generally improper. This motion, however, cannot be conclusively ruled upon at this time because at trial Defendants may open the door on the issue, at which time evidence about indemnification would be admissible.

For example, evidence of indemnification would be admissible if the Defendant-Officers or their attorneys introduce evidence or suggest that the they would be personally responsible for paying damages, or imply in any way the potential for financial hardship or impoverishment. In such a scenario, a jury should be informed that the Defendant-Officers would be indemnified by the City for any award of compensatory damages, and that they would only be personally liable for punitive damages. See, Lawson v. Trowbridge, 153 F.3d 368, 378-80 (7th Cir. 1998); Galvan v. Norberg, 2006 WL 1343680 (N.D.Ill. May 10, 2006). In such a scenario, a jury may erroneously think, for example, that an officer who would be impoverished by an award for compensatory damages should have little or no punitive damages awarded against him to avoid financial hardship. See also, Kemezy v. Peters, 79 F.3d 33, 37 (7th Cir. 1996) (holding that it is improper to allow a defendant to "plead poverty if he will be indemnified").

The motion should be denied without prejudice.

7.  **Plaintiff's Response to Defendants' Motion to Bar Reference to Training**

Defendants argue that any information regarding the Defendant-Officers' training must be excluded because there is no *Monell* claim in this case. At this time, Plaintiff does not have a

specific plan to introduce evidence regarding Defendant-Officers' training, however, there is no authority for a blanket pre-trial order barring Plaintiff from introducing evidence regarding the officers' training at any time for any reason.

Evidence adduced at trial, including the Defendant-Officers' testimony, could make training relevant. For instance, training could be relevant to the reasonableness of Defendants' actions, or to Plaintiff's claims for punitive damages. The motion should be denied without prejudice.

**8.     Plaintiff's Response to Defendants' Motion to Bar Evidence of CPD General Orders, Rules, and Regulations**

Defendants are seeking an order that unconditionally bars Plaintiff from introducing any evidence of CPD regulations at trial at any time for any reason. The argument is simply not supportable.

Plaintiff of course agrees that violation of an internal rule or regulation does not *ipso facto* mean that there has been a constitutional violation. However, such a violation could be relevant to any number of factual disputes or legal issues.

Significantly, Seventh Circuit pattern instruction 7.04 is a limiting instruction that recognizes that rules and regulations evidence is admissible in a § 1983 case, and explains that such evidence can only be used for limited purposes:

**Limiting instruction concerning evidence of
statutes, administrative rules, regulations, and policies**

You have heard evidence about whether Defendant's conduct [complied with/violated] [a state statute/administrative rule/locally-imposed procedure or regulation]. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant [*describe constitutional violation claimed, e.g., "falsely arrested Plaintiff," "used excessive force on Plaintiff"*], not whether a [statute/rule/procedure/regulation] might have been [complied with / violated].

Id. Thus, it is undeniable that rules and regulations can be introduced at trial. On this basis, courts have denied motions *in limine* seeking a blanket prohibition of evidence of regulations. See, e.g., Threlkeld v. White Castle Systems, Inc., 127 F.Supp.2d 986, 938-39 (N.D.Ill. 2002) (Bucklo, J.) ("although not conclusive, evidence that the officers violated departmental rules and

5

regulations may be relevant to the reasonableness of their actions. A limiting instruction would cure any potential confusion"); Townsend v. Benya, 287 F.Supp.2d 868, 876 (N.D.Ill. 2003) (Denlow, J.) ("knowing violations of CPD regulations by Defendants are relevant to plaintiff's claims"); accord Charles v. Cotter, 867 F.Supp.648, 664 (N.D.Ill. 1994) (Castillo, J.); Galvan v. Norberg, 2006 WL 1343680 at *2 (N.D.Ill. May 10, 2006) (Shadur, J.).

Plaintiff agrees that a violation of a CPD rule is not conclusive evidence that there has been a constitutional violation. It is well recognized, however, that such violations may be admissible for other purposes. Evidence introduced at trial, or even Defendants' trial strategy, may warrant such evidence. Defendants' request for a complete bar to such evidence at this time should be denied without prejudice.

9.  **Plaintiff's Response to Defendants' Motion to Limit Testimony of Plaintiff's Treating Physicians**

Defendants argue that Plaintiff's treating physicians should be prohibited from testifying to Plaintiff's prognosis or future damages because they were not disclosed as experts pursuant to Rule 26(a)(2)(A). Plaintiff does not intend to elicit opinions regarding prognosis or future damages. However, Plaintiff will call treating physician Dr. Marghoob Khan to testify to the observations, opinions and diagnoses that directly arose from his treatment of Plaintiff. This is permitted under Rule 26 without an expert report. "[W]hen a treating physician limits his testimony to his observation, diagnosis and treatment," there is no need for a report. Krischel v. Hennessy, 533 F.Supp.2d 790, 795 (N.D.Ill. 2008). If a treating doctor forms an opinion about the causation of injuries as a part of the treatment rather than at the request of counsel, "the purposes of Rule 26 may be satisfied without a formal report." Id.

Accordingly, courts routinely allow treating physicians to testify about opinions and diagnoses they reached at the time of treatment, even where no expert disclosure was made. See e.g., Jimenez v. United States, 2008 WL 3849915 at *4, (N.D.Ill., August 14, 2008) (allowing treater to testify about "observations and follow-up diagnosis and treatment, as reflected in medical records"); Rahoi v. Sirin, 252 F.R.D. 464, 469 (W.D.Wis. 2008) (permitting treating physician who was not disclosed as an expert to testify to matters within the scope of his treatment.)

In this case, Plaintiff only intends to call the treating physicians to testify about matters within the scope of treatment. Therefore, Defendants' motion should be denied.

**10.     Plaintiff's Response to Defendants' Motion to Bar Argument Regarding a "Long, Difficult Road to Justice"**

In their final motion *in limine*, Defendants are seeking an order that bars Plaintiff from referencing the fact that three years have elapsed since the date of the incident. Plaintiff does not intend to argue or imply to the jury that Defendants have delayed the case. However, this motion should be denied. Defendants have cited no authority to support their contention that it would be improper to state how long ago the incident occurred or to comment on the time that has passed. Motions *in limine* are a vehicle for the Court to bar evidence which would be clearly inadmissible at trial for any purpose. They're not designed to permit the parties to micro-manage each other's trial strategy, which is all Defendants are trying to do here.

                                                Respectfully submitted,

                                                /s/ Adele D. Nicholas
                                                *Counsel for the Plaintiff*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595